UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KAMEHAMEHA KANE,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, TED SAKAI, and MARIAN E. TSUJI,

Defendants.

Civil File No. 01-1658 (PAM/FLN)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Florence Correctional Center in Florence, Arizona, has filed a complaint alleging that Defendants violated his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff apparently is serving a prison sentence imposed by some undisclosed jurisdiction for some undisclosed crime. In January of this year, Plaintiff was transferred from a detention facility in Los Angeles, California, to some place in Minnesota.[1]

[1] Although the complaint does not indicate the specific place in Minnesota to which Plaintiff was transferred, the Court notes that one of the named Defendants, Corrections Corporation of America, operates the Prairie Correctional Facility in Appleton, Minnesota, which suggests that Plaintiff may have been transferred to that institution.

FILED OCT 1 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

According to the complaint, Plaintiff's journey to Minnesota was not a pleasant one. He alleges that he rode on a bus for about 100 hours, and that the heating system on the bus was not working. He further alleges that he was not given sufficient opportunities to get off the bus to stretch and go to the bathroom, that his hands and ankles were bruised from being chained during the trip, and that no medical care was provided. No other facts are alleged in the complaint.

Plaintiff describes his "damages" as follows:

> "Plaintiff's [sic] suffer psychological mental deficientcies [sic] such as in creativity, perception, thinking, problem solving, memory, distortion. [¶] Carry out without delay treatment directed by such medical practitioner. [¶] The misconduct was highly prejudicially [sic]."

(Complaint, [Docket No. 1], p. 3.)

Plaintiff is presently claiming that his constitutional rights have been violated – presumably during the course of his transfer from California to Minnesota. He is seeking a total of $1,600,000 in compensatory and punitive damages from the three named Defendants.

## II. DISCUSSION

Plaintiff is a prisoner who is seeking redress from individuals and a corporate entity who he apparently believes should be treated as governmental agents for purposes of this lawsuit.[2] His pleading therefore must be screened in accordance with the procedures

---

[2] Parties cannot be sued under the federal civil rights laws unless they are considered to be "state actors." See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, the plaintiff must allege that the defendant violated his constitutional rights while acting under color of state law). Therefore, although Plaintiff's complaint does not expressly allege that Defendants are governmental entities or employees, his civil rights claims are obviously predicated on the expectation that they will

prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against such Defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

In the instant case, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, because it suffers from at least three fatal flaws. It will therefore be recommended that the action be dismissed in its entirety pursuant to § 1915A(b)(1).[3]

A. Insufficient Factual Allegations Regarding Defendants' Conduct

The most obvious defect in the complaint is the absence of any factual allegations suggesting that any of the named Defendants did something (or failed to do something) that somehow violated Plaintiff's constitutional rights. While federal courts must "view pro

---

be treated as governmental agents for purposes of this lawsuit.

[3] Even if § 1915A were not applicable here, Plaintiff's Complaint would still be subject to sua sponte dismissal pursuant to 42 U.S.C. § 1997e(c)(1), which provides that

> "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that is supposed to have violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against any of the named Defendants, because it includes no factual allegations describing anything that any Defendant purportedly did or failed to do that could be viewed as a violation of Plaintiff's constitutional rights. There is no indication that any of the named Defendants had anything to do with Plaintiff's unpleasant journey to Minnesota. Indeed, none of the Defendants is even mentioned anywhere in the substantive allegations of Plaintiff's complaint. Because the complaint does not ascribe any wrongful act or omission to any of the Defendants, it fails to state an actionable claim against any of them.

B. Insufficient Allegations Of Any Constitutional Violation

Even if Plaintiff had alleged that one or more of the named Defendants was somehow directly involved in his transfer to Minnesota, his complaint still would not state an actionable civil rights claim, because there are no factual allegations suggesting that Plaintiff's federal constitutional rights were violated. To state an actionable Eighth Amendment claim based on his conditions of confinement, (as Plaintiff apparently is attempting to do here), a prisoner must allege facts showing that the defendant(s) caused him to suffer some actual, demonstrable harm. "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994). The prisoner must also allege facts showing that his actual injury occurred because the defendant(s) deliberately disregarded some known and serious threat to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (there is no Eighth Amendment violation "unless the official knows of and disregards an excessive risk to inmate health or safety").

In the present case, Plaintiff has not pleaded an actionable Eighth Amendment claim, because he has not described any constitutionally significant "actual injury" that he sustained during his bus ride to Minnesota.[4] In addition, there are no allegations suggesting that any of the named Defendants had the culpable state of mind required

---

[4] Moreover, because Plaintiff appears to be seeking relief based solely on alleged mental or emotional harm, his claims are barred by 42 U.S.C. § 1997e(e), which provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

for an actionable Eighth Amendment claim. Thus, Plaintiff has failed to plead an Eighth Amendment claim on which relief can be granted.[5]

C. Failure to Exhaust Administrative Remedies

Finally, the complaint is fatally defective because there are no factual allegations showing that Plaintiff has exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a). That statute, which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995). See also Booth v. Churner, 121 S.Ct. 1819, 1825 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures").

When a prisoner brings a civil rights action in federal court alleging that the conditions of his confinement somehow violated his constitutional rights, he must

---

[5] The complaint also alludes to the Constitution's due process clause, but Plaintiff has offered no hint as to why he believes his due process rights may have been violated.

affirmatively demonstrate in his complaint that he has satisfied § 1997e(a) by exhausting all available administrative remedies. If the complaint does not include specific factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies").

In this case, there is no indication that Plaintiff has satisfied § 1997e(a) by fully exhausting all available administrative remedies. (In fact, Plaintiff's complaint does not even mention administrative remedies.) For this additional reason, Plaintiff's complaint fails to state a claim on which relief can be granted.

## III. CONCLUSION

Based on the three defects discussed above, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $150 filing fee.[6] He has not paid

---

[6] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the

any part of the fee to date, so he still owes the full $150 at this time. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: ~~September~~ October 12, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days

---

filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.